## S96A1637. RAMEAU v. THE STATE.
(477 SE2d 118)

THOMPSON, Justice.

Isa Rameau was convicted of malice murder, two counts of felony murder, and false imprisonment, resulting from the shooting death of Alfred R. Wright.[1] He appeals from the judgment of conviction and

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See Unif. Sup. Ct. R. 31.4.

[4] See OCGA § 17-7-131 (a) (2) and (b) (1) (D).

[1] The crimes occurred on March 31, 1995. On May 26, 1995, Rameau was charged in a four-count indictment with malice murder, felony murder while in the commission of an aggravated assault, felony murder while in the commission of false imprisonment, and false imprisonment. Trial began on January 10, 1996. The jury returned its verdict on January 12, 1996, finding Rameau guilty of all counts. He was sentenced on the same day to life imprisonment for malice murder; all other counts were merged into the malice murder conviction. A motion for new trial was filed on February 7, 1996, and denied on April 16, 1996. A

life sentence entered on the jury's verdict, and from the denial of his motion for new trial. His sole complaint on appeal is that the trial court erred in refusing to give his requested jury instruction on felony-grade involuntary manslaughter. We find no reversible error, and affirm.

Rameau and his co-indictee Brandon Frazier were involved in an altercation with the victim stemming from the victim's interest in Frazier's girl friend, Jasmine Palmer. Two days later, Palmer lured Wright to her home, knowing that Rameau, Frazier, Wade Willingham and Nathaniel Patterson (also co-indictees), armed with a shotgun and rifle, were waiting for him. Rameau was carrying the shotgun, which he had loaded prior to Wright's arrival. Wright arrived alone and unarmed, whereupon he was held at gunpoint by Patterson and led to the backyard. Willingham held Wright in a wrestling hold. Rameau stood nearby with the rifle initially pointed at the ground, but then aimed it at the victim's head. Wright said something to the effect: "If you're going to kill me, go ahead and kill me." Rameau then shot Wright in the head. The five participants fled. The next day, Frazier and two others (but not Rameau) returned for the body, which they took to a wooded area and buried. After a police investigation, Rameau was arrested in Newark, New Jersey. The other participants were also arrested and charged with various offenses; each entered guilty pleas and testified at Rameau's trial.

The medical examiner testified that the cause of death was a gunshot wound over the right ear, and that the muzzle of the gun left an impression on the victim's head, demonstrating that it had been held tightly against the victim's skin when the bullet was fired. Rameau testified in his own defense that the shooting was an accident. The trial court charged the jury on accident.

1. Rameau asserts that a charge on involuntary manslaughter under OCGA § 16-5-3 (a)[2] was warranted because he demonstrated through his own testimony the commission of the misdemeanor offense of pointing or aiming a gun at another. OCGA § 16-11-102. This argument is misplaced. Instead, the issue is controlled by *Richardson v. State*, 250 Ga. 506 (299 SE2d 715) (1983) and *Rhodes v. State*, 257 Ga. 368 (359 SE2d 670) (1987), both of which are indistinguishable and demand affirmance. Rameau's act of holding the gun to the head of the victim, and the victim's verbal acknowledgment

notice of appeal was filed on May 13, 1996. The case was docketed in this Court on July 9, 1996, and oral argument was held on October 15, 1996.

[2] This Code section provides in pertinent part: "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony."

that the threat of violent injury was imminent, constituted the felony of aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2). As in *Richardson*, supra, the jury was instructed on accident, and it was not error to refuse to charge on involuntary manslaughter.

2. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to authorize a rational trier of fact to find Rameau guilty beyond a reasonable doubt of the murder of Alfred R. Wright.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Michael R. Hauptman,* for appellant.

*J. Tom Morgan,* District Attorney, *Barbara B. Conroy,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Allison Goldberg,* Assistant Attorney General, for appellee.