### A00A0753. BARTLETT v. THE STATE.
(537 SE2d 362)

MILLER, Judge.

Jesse Raymond Bartlett was tried before a jury and, notwithstanding his acquittal on a charge of burglary, was found guilty of aggravated assault, terroristic threats, possession of a firearm during the commission of a crime, and cruelty to children in the second degree (two counts). Bartlett appeals from the denial of his motion for new trial. In five related enumerations of error, he urges the evidence is insufficient to support any of his convictions. We affirm.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict,

---

[2] *Edge v. Stephens,* 172 Ga. App. 759, 760 (324 SE2d 579) (1984).
[3] *Yalanzon v. Citibank,* 169 Ga. App. 961, 962 (1) (315 SE2d 677) (1984).

and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.[1]

Viewed in the light most favorable to the jury's verdicts, the evidence revealed that, over a four-year period, Bartlett had an adulterous relationship with Annett Land, who was married to Len Land. On the evening of October 8, 1998, after Annett Land called him to end the affair, Bartlett went to the Land residence armed with a loaded rifle and knocked loudly on the door. Len Land opened the door, and from the porch, Bartlett announced that "he was in love with [Land's] wife and that he was going to take her for his own even if he had to kill [Land] to do it."

Land was unarmed and noticed the rifle at Bartlett's side but told Bartlett to "get the hell off [his] property." Bartlett pointed the gun at Land's chest and stepped through the door, saying "she [Annett] will have to make me leave, I will not leave." At this point, the two Land children, ages eight and four at the time, came into the living room, saw what was happening, and started crying. Len Land picked up a telephone to dial 911, but Bartlett pointed the rifle at Land's forehead, right between the eyes, the barrel actually touching, pulled the trigger back, and told Land: "I'll kill you right here, you hang up the phone." The two boys witnessed this and were "screaming to the top of their lungs please don't kill my mom and daddy."

When Annett Land intervened and told Bartlett to leave, he started toward the door, then put the rifle barrel in his own mouth. Annett Land started screaming, and Len Land hustled his crying children into a bedroom. Annett Land got Bartlett out of the house, and Len Land called 911. Bartlett left before police arrived. Len Land denied ever threatening Bartlett with a firearm. Bartlett's roommate confirmed to police that Bartlett grew angry after Annett's call and that when he left his residence, he took with him a .22 lever action Marlin. When asked why he needed a gun, Bartlett said: "[N]ot to worry about it; that he was going to take care of it." A week or so after this incident, Bartlett asked his roommate to plant old

---

[1] (Citations omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).

love letters from Annett Land in the mail box, so Bartlett could complain that she was harassing him.

"The testimony of a single witness is generally sufficient to establish a fact."[2] Proof that Bartlett, in anger, pointed the loaded rifle at Len Land's head and chest is sufficient under the standard of *Jackson v. Virginia*,[3] to authorize the jury's verdict that Bartlett is guilty, beyond a reasonable doubt, of aggravated assault by use of a deadly weapon as alleged in Count 1 of the indictment.[4] And the corroborated proof that Bartlett orally threatened to kill Len Land while pointing the rifle at him is sufficient to authorize Bartlett's separate conviction for terroristic threats as alleged in Count 3.[5] Proof that Bartlett used a firearm in the commission of his assault upon Land with a deadly weapon authorized his separate conviction for possession of a firearm during the commission of a crime against another person.[6] And proof that Bartlett, knowing the two boys were present, committed a forcible felony by pointing a rifle at their father's head while threatening to kill their father is sufficient to authorize Bartlett's two separate convictions for cruelty to children in the second degree.[7] The enumeration of the general grounds is without merit.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 17, 2000.

*Lee Sexton & Associates, Robert L. Ferguson,* for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.

---

[2] OCGA § 24-4-8.

[3] Supra.

[4] OCGA § 16-5-21 (a) (2); *Ringo v. State*, supra, 236 Ga. App. at 40. Accord *Rameau v. State*, 267 Ga. 261, 262-263 (1) (477 SE2d 118) (1996).

[5] OCGA § 16-11-37 (a); *Jordan v. State*, 214 Ga. App. 346, 347 (447 SE2d 341) (1994). Accord *Moss v. State*, 148 Ga. App. 459, 460 (1) (251 SE2d 374) (1978) (if there is competent evidence of corroboration, this Court will not go behind jury's verdict and weigh the evidence).

[6] OCGA § 16-11-106 (b) (1); *Walden v. State*, 264 Ga. 92 (441 SE2d 247) (1994). In this regard, Bartlett's reliance on *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996), is misplaced, as *Strong* was overruled by the unanimous whole court decision in *Kimble v. State*, 236 Ga. App. 391, 395 (1) (512 SE2d 306) (1999).

[7] OCGA § 16-5-70 (c) (2).