A00A2497. VICKERS v. THE STATE.
(541 SE2d 694)

ELDRIDGE, Judge.

A Gwinnett County jury found Thomas C. Vickers guilty of driving with a suspended license, driving without insurance, and no proof of insurance, which charges arose following an automobile accident wherein a GMC Jimmy truck improperly pulled out into oncoming traffic and was struck by Vickers' Chevrolet Astro van. Vickers appeals, raising four enumerations of error which, upon review, are without merit. Accordingly, we affirm his conviction.

1. In his first two enumerations of error, Vickers challenges the sufficiency of the evidence against him because both he and his father, Ted Vickers, testified that he was not driving the Astro van at the time of the collision; his father was. However, the State presented evidence from a passenger in the GMC Jimmy who testified unequivocally that Thomas Vickers was driving the van at the time of the collision. Further, the investigating officer took statements from the driver of the Jimmy and both passengers that Thomas Vickers was driving the van. The officer testified that he arrested Vickers

> based on statements and written statements from the passengers and the driver of Vehicle No. 1 [GMC Jimmy]. I weighed that against what Mr. Ted Vickers [father] may have vested in it to keep his son from going to jail. I didn't

---

[6] See generally *Anderson v. State,* 262 Ga. 26, 27 (3) (413 SE2d 732) (1992); *Patterson v. State,* 264 Ga. 593 (449 SE2d 97) (1994).

see any reasons why the drivers — why the other passengers and driver would make such statement.[1]

"The testimony of a single witness is generally sufficient to establish a fact."[2] That another witness may provide contradictory evidence goes only "to the weight of the evidence and the credibility of the testifying witness, which is solely within the purview of the jury."[3] Because at least one witness identified Thomas Vickers as the driver of the van, the jury was authorized to believe that witness, and the evidence was sufficient to support Vickers' convictions.[4]

2. We find no error in the admission of a redacted Georgia Crime Information Center printout showing the two driving-related convictions that formed the basis for the suspension of Vickers' license. Such was admissible to prove the requisite notice of suspension "by operation of law" pursuant to OCGA § 40-5-63 (a).[5]

3. Vickers challenges the trial court's jury charge that

[i]t is not necessary that the defendant show that another person committed the alleged offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt whether this defendant is, in fact, the person who committed the crime.

Vickers contends that the error in such charge is "self-explanatory," and he offers no argument or citation of law in support thereof. Although an error in such charge appears neither "self-explanatory" nor extant, we conclude Vickers' contention is abandoned.[6]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 8, 2000.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.

---

[1] This evidence was admissible as original evidence under OCGA § 24-3-2, since Vickers created an issue regarding the basis for his arrest. See, e.g., *Smith v. State*, 236 Ga. App. 122, 125 (4) (511 SE2d 223) (1999).

[2] OCGA § 24-4-8.

[3] (Citations and punctuation omitted.) *Anderson v. State*, 238 Ga. App. 866, 870 (519 SE2d 463) (1999).

[4] Id.

[5] *Eppinger v. State*, 236 Ga. App. 426 (512 SE2d 320) (1999); *Hale v. State*, 188 Ga. App. 524, 525 (1) (373 SE2d 250) (1988).

[6] Court of Appeals Rule 27 (c) (2).

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors,* for appellee.