A01A1528. REYES v. THE STATE.
(552 SE2d 918)

PHIPPS, Judge.

Maxiliano Reyes appeals his conviction for aggravated assault and cruelty to children in the second degree, contending that the evidence was insufficient. Because we find the evidence was sufficient, we affirm.

E. B. testified that between 7:30 and 8:30 p.m. on June 23, 2000, as she was driving with her two-year-old son in the car, the driver of a truck behind her flashed its headlights for her to stop. After she stopped, she realized that Reyes was driving the truck. She had recently dated Reyes for about two months, during which time he

---

[1] *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

had slapped her. E. B. rolled down her window and told Reyes that "it was over" because she did not want to be hit again. When she refused Reyes's request to get out of the car, he hit her on her mouth, grabbed her arm, and took her into a wooded area. Holding onto E. B.'s arm, Reyes hit her with his belt ten to fifteen times on her legs and buttocks. E. B.'s son cried as he watched the incident. Because Reyes warned E. B. that if she went to the police, he would "do something worse" to her, she did not report the incident to police until three days later. An investigator took photographs of E. B.'s injuries, and the pictures showing severe bruises were admitted at trial.

Although Reyes attacks E. B.'s credibility and further points to evidence which he claims establishes his alibi, the victim's testimony alone is sufficient for a conviction.[1] "The testimony of a single witness is generally sufficient to establish a fact. That another witness may provide contradictory evidence goes only to the weight of the evidence and the credibility of the testifying witness. . . ."[2] After a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[3] We do not weigh the evidence or determine witness credibility but only determine whether under the standard of *Jackson v. Virginia*[4] the evidence is sufficient to support a verdict of guilt.[5] Conflicts in the testimony of the witnesses are for the jury to resolve.[6] So long as there is some competent evidence, even though contradicted, to support each element of the crime, the jury's verdict will be upheld.[7] Under the circumstances here, the evidence was sufficient to authorize the jury to find Reyes guilty beyond a reasonable doubt of aggravated assault by striking E. B. repeatedly with a belt on her legs and body,[8] as alleged in the indictment. Further, the evidence that Reyes committed the forcible felony of aggravated assault knowing that E. B.'s small child was present and watching was sufficient to authorize Reyes's conviction for cruelty to children in the second degree.[9]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[1] See *Kinney v. State*, 234 Ga. App. 733, 734 (1) (506 SE2d 441) (1998).

[2] (Punctuation and footnotes omitted.) *Vickers v. State*, 246 Ga. App. 734, 735 (1) (541 SE2d 694) (2000).

[3] *Bartlett v. State*, 244 Ga. App. 49-50 (537 SE2d 362) (2000).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Bartlett,* supra, 244 Ga. App. at 50.

[6] Id.

[7] Id.

[8] *Jackson,* supra, 443 U. S. 307; OCGA § 16-5-21 (a) (2); see *Johnson v. State*, 238 Ga. App. 677, 678 (1) (520 SE2d 221) (1999); see also *Kinney,* supra, 234 Ga. App. at 734-735.

[9] *Jackson,* supra, 443 U. S. 307; OCGA § 16-5-70 (c) (1); see *Bartlett,* supra, 244 Ga. App. at 51.

DECIDED JULY 26, 2001.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.