A07A2280. ALLEN v. THE STATE.
(659 SE2d 900)

BARNES, Chief Judge.

Following the denial of his amended motion for new trial, Feronte Jamal Allen appeals his convictions for three counts of aggravated assault, possession of a handgun by a person under age eighteen, carrying a concealed weapon, and carrying a pistol without a license. He contends that he was denied a fair and impartial trial because one of the jurors failed to disclose that she knew Allen and that the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm.

1. In challenging the sufficiency of the evidence, Allen requests that this Court consider and essentially weigh the physical evidence,

the identification evidence, his lack of motive, and the circumstantial evidence presented at trial. On appeal, however, this Court only determines evidence sufficiency. Moreover, we

> view[ ] the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility but only determine whether under the standard of *Jackson v. Virginia*[, 443 U. S. 307, 323 (99 SC 2781, 61 LE2d 560) (1979),] the evidence is sufficient to support a verdict of guilt. Conflicts in the testimony of the witnesses are for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the crime, the jury's verdict will be upheld.

(Footnotes omitted.) *Reyes v. State*, 250 Ga. App. 769, 770 (552 SE2d 918) (2001).

So viewed, the evidence demonstrates that an altercation broke out at a local night club, the Clubb, between two groups of boys. Allen, then sixteen, was in one of the groups. A deputy with the Crisp County Sheriff's Department was dispatched at around midnight to the Clubb after receiving a report of shots being fired. A witness approached the officer and told him that "Tey" did the shooting and was wearing a blue coat with possibly "some red in it." "Tey" is a nickname used by Allen. The same witness testified at trial that he was approximately four feet from Allen when Allen "pull[ed] out a rusty gun and started shooting." Three individuals were hit by gunshots. Following the shooting, the officer located Allen at his home. He advised Allen that he needed to come down to the police station because he had been identified as the "shooter" at the Clubb, and that "there may be a gun residue kit done on him." Allen responded that he and a friend had shot guns earlier in the day.

The officer recovered Allen's blue coat with red and white stripes from Allen's friend's house, which was across the street from the Clubb. The friend testified that Allen came to his house after the shooting and asked him to keep his coat. This witness also testified that earlier that day, he saw Allen with a gun, which Allen kept hidden beneath his clothes. When the fight started at the Clubb, the witness saw Allen shoot three times into a group of boys who rushed him. Another witness also testified that he saw Allen with the same gun on the day of the shooting, and Allen said if anything happened at the Clubb he was going to be "[r]eady to shoot." Two witnesses identified a gun admitted into evidence as the gun Allen had with him and used the night of the fight. The victims could not identify who shot them.

Although there was conflicting testimony from other witnesses about who among the group of fighters actually pulled the trigger, how many guns were present, and how many shots were fired, "[t]he testimony of a single witness is generally sufficient to establish a fact pursuant to OCGA § 24-4-8, and it is the function of the jury to evaluate the credibility of witnesses. [Cit.]" *Hill v. State*, 282 Ga. App. 743, 744 (1) (639 SE2d 637) (2006). As noted before, this Court will not weigh the evidence or assess witness credibility, and we "will not second-guess what evidence the jury chose to believe [where] there is some competent evidence on each element necessary to prove the state's case," as there clearly was here. (Footnote omitted.) *Brown v. State*, 246 Ga. App. 517, 518 (1) (541 SE2d 112) (2000). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Allen guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, supra.

2. Allen also contends that he was denied a fair and impartial trial because during voir dire one of the jurors failed to disclose that she knew Allen. See OCGA § 15-12-133. The record reflects that the juror was the mother of Allen's brother's girlfriend, and the couple lived with her. While Allen was awaiting trial he would call his brother at the juror's home, and she answered the telephone on several occasions. The juror testified at the motion for new trial hearing that she would sometimes speak with Allen when he called from jail, but that she had never met him in person and was not familiar with the details of the case before the trial. She also testified that she did not respond affirmatively when asked during voir dire if she knew Allen because she felt that she did not know him personally, and that his calling her house did "not really" affect her verdict in the case.

> A defendant is entitled to be tried by a fair and impartial jury, and to exercise knowledgeable challenges in the pursuit of this judicial ideal. It does not follow, however, that every incorrect answer given on voir dire calls inexorably for a new trial; the question of bias and resultant prejudice remains to be determined. . . . Although the question of juror impartiality is a mixed question of law and fact, the trial court's findings of impartiality will be set aside only where "manifest" prejudice to the defendant has been shown.

(Citations and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 270 (2) (b) (275 SE2d 67) (1981).

Pretermitting whether the juror would have been disqualified based on her relationship with Allen,* the testimony of the juror at the new trial hearing did not reveal that she had any bias for or against Allen, or establish that the telephone conversations affected her verdict in this case. "Even if this juror deliberately answered falsely it has not been shown that [s]he had an evil motive or that [s]he acted otherwise as one of the twelve jurors than with the required impartiality." *Geiger v. State*, 129 Ga. App. 488, 494 (2) (199 SE2d 861) (1973). "When error is assigned, it must be shown that [Allen] was in some way injured, or that there was an advantage to the state." (Punctuation omitted.) Id. at 495. Allen has shown neither.

Under these circumstances, the trial court did not abuse its discretion in denying Allen's motion for new trial on this basis.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 26, 2008.

*John W. Sherrer, Jr.*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

* See OCGA § 15-12-163 (b) (4). Challenges for cause include "[t]hat the juror is so near of kin to the prosecutor, the accused, or the victim as to disqualify the juror by law from serving on the jury."