## A08A1154. JONES v. THE STATE.
### (666 SE2d 738)

MILLER, Judge.

A Gwinnett County jury convicted Steven Raymone Jones of aggravated assault and possession of a firearm during the commission of a felony.[1] See OCGA §§ 16-5-21; 16-11-106. Jones contends that the evidence was insufficient to support the verdict. We disagree and affirm.

On appeal from a criminal conviction, we

> view[ ] the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility but only determine whether under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979),] the evidence is sufficient to support a verdict of guilt.

(Footnotes omitted.) *Reyes v. State*, 250 Ga. App. 769, 770 (552 SE2d 918) (2001).

So viewed, the evidence shows that on February 28, 2005, the victim was opening the door to his truck when he was approached by a man later identified as Jones. The victim testified that Jones put a revolver to his chest and asked for keys to his truck. When the victim surrendered his keys, Jones threw them to the side and repeated his demand for money. After the victim surrendered his wallet, Jones pulled the trigger, but the gun did not fire. The victim then tried to take the gun from Jones and suffered a gunshot to the leg during the ensuing struggle. With the help of his brother, the victim eventually took the gun and told Jones to lie on the ground. Jones initially complied, but got up and ran when the victim's brother left to call the police. Two men at the scene pursued Jones after he fled.

The Gwinnett County police officer dispatched to the site of the shooting found the victim on the ground with entrance and exit wounds on his leg, and recovered a revolver lying nearby on the grass. A short distance away, a second officer found Jones on the ground being punched by another man. Because Jones matched the

---

[1] The jury acquitted Jones of armed robbery.

victim's description of his assailant, the officer took Jones into custody.

Jones testified that he was on his way to his girlfriend's house when he got into an altercation with the victim and his brother. According to Jones, the two men approached him and asked what he was doing in the area, and as he was backing away, he tripped over the sidewalk and his gun fell out of his waistband. Jones maintained that he struggled with the victim for possession of the gun, which accidentally discharged causing the victim's injury.

Jones argues that the evidence was not sufficient to sustain his convictions. In support of this claim, he first points to inconsistencies between the victim's testimony and his statements to police, and to a detective's testimony that revolvers do not misfire.[2] However, "it is the function of the jury, and not this Court, to resolve conflicts in the evidence." (Citation and punctuation omitted.) *Holzendorf v. State*, 235 Ga. App. 462, 464 (509 SE2d 737) (1998). "So long as there is some competent evidence, even though contradicted, to support each element of the crime, the jury's verdict will be upheld." *Reyes*, supra, 250 Ga. App. at 770. Competent evidence showed that Jones put a gun to the victim's chest and pulled the trigger, establishing the elements of aggravated assault with a deadly weapon as alleged by the indictment. See, e.g., *Thompson v. State*, 277 Ga. App. 323 (1) (626 SE2d 825) (2006) ("[t]he offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by (a) an intention to murder, rape, or to rob, or (b) use of a deadly weapon") (citation omitted).

Jones also points out that the jury failed to convict him of armed robbery. This fact does not mean, however, that the evidence was insufficient to support Jones's conviction for aggravated assault and possession of a firearm during the commission of a felony. Even if the verdicts were inconsistent, no reversal is required. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) ("the inconsistent verdict rule in criminal cases is hereby abolished").

Jones further argues that the State failed to negate the defense of accident beyond a reasonable doubt. See, e.g., *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997) (where a defendant raises an affirmative defense, the State has the burden to disprove the affirmative defense beyond a reasonable doubt). However, the jury could conclude beyond a reasonable doubt that when Jones put a gun to the victim's chest and pulled the trigger that it was not as a result

---

[2] The detective actually testified that "I have never personally witnessed [a revolver] misfire."

of misfortune or accident. Viewed in the light most favorable to the verdict, any rational trier of fact could have found Jones guilty beyond a reasonable doubt of aggravated assault and possession of a firearm during the commission of a felony. *Jackson*, supra, 443 U. S. at 319.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*Brandon Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.