**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 25, 2013**

# In the Court of Appeals of Georgia

A13A0841. SANDERS v. THE STATE.

MILLER, Judge.

Convicted by a jury of armed robbery (OCGA § 16-8-41 (a)) and possession of a knife during the commission of a felony (OCGA § 16-11-106 (b) (1)), James Edward Sanders appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. As an appellate court, we do not weigh the evidence, judge the credibility of witnesses, or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. Instead, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Bryson v. State*, 316 Ga. App. 512 (729 SE2d 631) (2012).

So viewed, the evidence shows that on February 24, 2010, the victim received a text message from Sanders that he had some Oxycontin pills to sell the victim. The victim called Sanders, and they made arrangements to meet at an apartment complex in Duluth where Sanders resided. The victim later went to the designated area and waited in his vehicle for Sanders to arrive. When Sanders appeared, he hopped into the passenger seat of the victim's vehicle. Sanders and the victim briefly chatted before Sanders pulled out a knife with a blade three to five inches in length. Sanders demanded the victim's money and ordered the victim to clear out his pockets. Sanders took $180 in cash, cell phones, and a GPS unit. Before getting out of the victim's van, Sanders threatened to find and hurt the victim if he reported the incident to the police. Sanders fled and was seen running to an area where apartment number 2612 was located. The victim then called the police, stating that he had been robbed while pulling into the apartment complex to make a phone call.

Responding police officers talked to the victim and to residents of the apartment complex. Based on the information provided, the officers went to

2

apartment number 2612 and found Sanders. The victim subsequently identified Sanders as the assailant. Upon further questioning, the victim admitted that he was actually at the apartment complex to buy narcotics from Sanders.

The police officers obtained a warrant to search Sander's apartment, and while executing the search warrant, officers found the GPS unit and cell phones that were taken from the victim. Officers also found a butterfly knife and approximately $1,832 in cash. Sanders was arrested, charged, and convicted of armed robbery and possession of a knife during the commission of a felony.

On appeal, Sanders contends that the evidence was insufficient to sustain his convictions because the victim was not credible, Sanders testified that the victim willingly gave him property in exchange for narcotics, and the knife recovered from his apartment did not match the victim's description of the knife used in the offense. We disagree.

"A person commits the offense of armed robbery when, with intent to commit theft, he . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). A person commits the offense of possession of a knife during the commission of a felony when he has on or within

3

arm's reach of his person a knife having a blade three inches or longer during an armed robbery. See OCGA § 16–11–106 (b) (1). Where a robbery is committed by the use of a knife, separate convictions for armed robbery and possession of a knife are specifically authorized. See OCGA § 16-11-106 (e); see also *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991) (noting that separate convictions for armed robbery and the possession of a firearm during the commission of a felony are separate convictions under OCGA § 16-11-106 (e)).

It is the role of the jury, as the finders of fact, to determine the credibility of witnesses. *Whitaker v. State*, 291 Ga. 139, 140 (1) (728 SE2d 209) (2012). In this case, the jury found the victim and his description of the events to be credible when it found Sanders guilty of the charged offenses. In his trial testimony, the victim identified Sanders as the person who used a knife with a blade three to five inches long in order to take his money and other property. The victim's testimony alone was sufficient to support a finding that Sanders committed armed robbery and used a knife during the commission of a felony. See OCGA § 24-4-8 (2012) ("The testimony of a single witness is generally sufficient to establish a fact.")[1]; see also *Harrelson v.*

---

[1] This provision has been retained but renumbered as OCGA § 24-14-8 in Georgia's new Evidence Code.

4

*State*, 312 Ga. App. 710, 715-716 (1) (b), (d) (719 SE2d 569) (2011) (victim's testimony was sufficient to sustain convictions for armed robbery and possession of a knife during the commission of a crime). Although Sanders offered testimony that conflicted with the State's version of events,

> [i]t is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient.

(Citation and punctuation omitted.) *Whitaker*, supra, 291 Ga. at 140 (1). Likewise, it was the function of the jury, and not this Court, to resolve conflicts in the evidence regarding the victim's description of the knife and the type of knife recovered from Sanders's apartment, Id. "So long as there is some competent evidence, even though contradicted, to support each element of the crime, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Jones v. State*, 293 Ga. App. 218, 219 (666 SE2d 738) (2008). Since competent evidence showed that Sanders used a knife during the commission of an armed robbery, his convictions are affirmed.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*