S97A1305. COMBS v. THE STATE.
(500 SE2d 328)

HINES, Justice.

Willie James Lambert and Teresa Burton were found shot and killed in Lambert's apartment. Dwight Eugene Combs was charged and found guilty of Lambert's malice murder, felony murder while in the commission of aggravated assault, and of possession of a firearm during the commission of murder and possession of a firearm by a convicted felon. Combs challenges the sufficiency of the evidence to support the murder convictions. We affirm.[1]

---

[1] The crimes occurred on March 31, 1994. On May 17, 1994, a Richmond County grand jury indicted Combs for malice murder and felony murder while in the commission of aggravated assault in connection with the shooting of Willie James Lambert, malice murder and felony murder while in the commission of aggravated assault in connection with the shooting of Teresa Burton, and for possession of a firearm during the commission of murder, and possession of a firearm by a convicted felon. Following a bifurcated trial (the possession of firearm by a convicted felon was tried subsequent to the other charges) on July 6-7, 1994, the jury acquitted Combs of the murder charges involving Burton, but found him guilty of Lambert's malice murder and felony murder, and of the possession of firearm charges. On July 13, 1994, Combs was sentenced to life imprisonment for malice murder, five years incarceration to be served consecutively to the life sentence for the possession of a firearm during the commission of murder, and five years incarceration to be served consecutively to both the life sentence and five-year term for possession of a firearm by a convicted felon. The felony murder stood vacated by operation of law under OCGA § 16-1-7. Combs filed a motion for new trial on July 18, 1994, which was denied on March 27, 1997. The notice of appeal

A few hours after the shootings, Combs called a newspaper reporter and identified himself as having been involved in the incident. He asked for assistance in turning himself in to authorities and getting medical attention for a gunshot wound to his hand. Combs related to the reporter that he had escorted Burton from a nightclub to Lambert's home, that Lambert answered the door and let them in, and then Lambert asked Combs for cocaine and pulled a gun on him; during a struggle over the gun several shots were fired, injuring Combs in the hand and killing Lambert and Burton; at the end of the struggle, he managed to wrest the gun from Lambert and shot Lambert once more because Lambert kept hitting at him. Combs later related similar accounts of the incident.

Combs contends that the trial court erred in failing to grant his motions for directed verdicts of acquittal and for new trial because the State failed to present evidence sufficient to contradict his consistent version of events, which does not support malice murder or murder as the result of aggravated assault. On the contrary, the State carried its burden.

The State introduced evidence that the slightly-built Lambert died after receiving multiple gunshot wounds. Lambert routinely carried $500 or $600 in cash in his wallet, and did not allow men to come into his apartment, even his own brothers. He treated Burton like a daughter and often gave her money. The afternoon of his murder, Lambert cashed a check at a club where Combs later appeared. Combs was overheard to say, "I'm going to get that m____f____." Burton was also at the club that evening but was seen leaving alone. Lambert's wallet was missing from the murder scene and there was no money, other than small change, found in his home. Around the time of the shootings, Combs was seen hurrying from Lambert's apartment, and his hand did not appear to be injured. But, by the time police located and arrested Combs, his left hand was bloody.

This evidence materially contradicted Combs' story that he was in Lambert's home by consent, that Lambert was the aggressor in a struggle in which Combs was injured, and that Combs' shooting of Lambert was in self-defense. See *Terry v. State*, 243 Ga. 11, 12 (1) (252 SE2d 429) (1979). Rather, the evidence portrayed Lambert's killing as a premeditated act or the result of Combs' assault on Lambert with the intent to rob him. Combs attempts to cast doubt on the evidence on the basis of lack of credibility of certain of the State's witnesses. But, it was for the jury to assess the credibility of the witnesses and the weight of the evidence, and the jury chose not to

was filed on April 25, 1997, and the appeal was docketed in this Court on May 7, 1997. The case was submitted for decision without oral argument on June 30, 1997.

believe that Combs was justified in fatally shooting Lambert. *Weems v. State*, 267 Ga. 182, 183 (1) (476 SE2d 585) (1996).

The State's evidence, direct and circumstantial, authorized the jury to find Combs guilty beyond a reasonable doubt of the crimes for which he was charged and convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the trial court was correct in refusing to direct verdicts of acquittal or grant Combs other relief based on a challenge to the sufficiency of the evidence.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Richard O. Ward*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General*, for appellee.