## S04A0221. BATES v. THE STATE.
### (596 SE2d 145)

FLETCHER, Chief Justice.

A jury convicted Clifton Boyd Bates of felony murder, aggravated assault, and possession of a firearm during the commission of a felony arising out of the shooting death of Bates's brother. This Court previously affirmed his convictions, but remanded for the trial court to address the claim of ineffectiveness of trial counsel.[1] Bates now appeals the trial court's denial of that claim. Because Bates has not established that his trial counsel's performance prejudiced him, we affirm.

The evidence at trial showed that Bates and the victim were brothers. After arguing earlier in the day, Bates held a gun as he stood in the doorway of the victim's bedroom, while the victim sat on the bed. The two continued to argue and the victim said, "You've been bullying me for many years, if you're going to shoot me, just go ahead and shoot me now." Bates pointed his gun at the victim and shot him in the head from a distance of one foot.

To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance fell below an objective standard of reasonableness, and that, but for this deficient performance, a reasonable probability exists that the result of the trial would have been different.[2] A court need not examine the deficiency prong when the record demonstrates that no prejudice occurred.[3]

Bates's contentions regarding ineffective assistance of counsel stem from counsel's pursuit of a defense based on involuntary manslaughter with the underlying offense being either reckless conduct or pointing a gun at another. Bates contends that trial counsel was deficient in pursuing this defense. Bates, however, has not pointed to any other defense that should have been pursued. Therefore, he has failed to meet his burden of proving prejudice.

---

[1] *Bates v. State*, 275 Ga. 862 (572 SE2d 550) (2002).
[2] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[3] *Lajara v. State*, 263 Ga. 438, 440 (435 SE2d 600) (1993).

Bates also contends counsel was deficient for letting Bates testify because the defense of involuntary manslaughter based on reckless conduct was insupportable in light of his testimony that he intentionally pointed the gun at his brother in order to frighten him. Even absent Bates's testimony, however, a charge on reckless conduct was not authorized because of the other ample evidence showing that Bates acted intentionally in pointing the gun.[4] Therefore, Bates has failed to demonstrate that his counsel's alleged deficiency was prejudicial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Carey, Jarrard & Walker, Lucy K. Henry*, for appellant.

*Jason Deal, District Attorney, Jennifer C. Bagwell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.

---

[4] *Bates*, 275 Ga. at 863-864 (detailing evidence presented at trial).