## S07A0681. SMITH v. THE STATE.
(651 SE2d 28)

HINES, Justice.

Following a jury trial, Joseph Corey Smith was convicted of felony murder while in the commission of aggravated assault and possession of a firearm during the commission of murder in connection with the fatal shooting of Frank Matthew Keahey. Smith's convictions were previously affirmed by this Court, but the case was remanded to the trial court for a hearing and determination on Smith's claim of ineffective assistance of trial counsel. See *Smith v. State*, 280 Ga. 490 (629 SE2d 816) (2006). Smith now appeals the denial of his amended motion for new trial challenging his trial counsel's effectiveness. For the reasons that follow, we affirm.

The facts of the crimes are set forth in detail in the prior appeal. In summary, on June 13, 2004, Smith was at a party along with Keahey. Smith was carrying a revolver in his belt, which he showed to several people, including Keahey. Smith opened the chamber of the pistol, bullets fell out, and he reloaded the weapon. Smith kept saying that he wanted to fire the pistol. He said that he did not want to shoot at "something," rather, he wanted "to know what it feels like to shoot somebody." Moments later, Smith put the pistol to Keahey's chest and fired the weapon, fatally wounding Keahey. Following his arrest, Smith gave a videotaped statement to police. He did not testify at trial.

Smith claims that his trial counsel was ineffective in various respects. However, in order to prevail on his claim of ineffective assistance, Smith must show that his attorney's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different; he also must overcome the strong presumption that his attorney's conduct fell within the broad range of reasonable professional conduct. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Sweet v. State*, 278 Ga. 320, 321-322 (602 SE2d 603) (2004). Moreover, in this Court's review of a lower court's determination of a claim of ineffective assistance of counsel, this Court must give deference to the lower court's factual findings, which are to be upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. *Sweet v. State*, supra at 321-322; *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004).

1. Smith first contends that he was denied effective assistance of trial counsel because his attorney failed to adequately prepare for

trial. He cites numerous instances of such asserted inadequacies;[1] however, assuming arguendo, that the cited acts or omissions constituted deficiencies on the part of trial counsel, Smith has failed to show how these deficiencies prejudiced him so that there was a reasonable likelihood that, but for the deficiencies, the outcome of his trial would have been different. *Sweet v. State*, supra at 321-322. Both prongs of the *Strickland* test must be satisfied. *Buttram v. State*, 280 Ga. 595, 599 (15) (631 SE2d 642) (2006); *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006).

2. Smith next contends that trial counsel was ineffective because counsel did not object to allegedly improper and prejudicial remarks made by the prosecuting attorney in opening statement and closing argument, namely references to Smith as a gangster or "gangster wannabe." Smith argues that the references were improper because the prosecutor was unsuccessful in an attempt to present evidence, by way of testimony from witness King, about Smith being a "gangster wannabe," i.e., Smith's trial counsel's objection to the testimony was sustained; therefore, the prosecutor presented no evidence to support the remarks. But the contention overlooks the fact that there was other evidence at trial from which the jury could reasonably infer that Smith fancied himself as part of the "gangster experience." *Thomas v. State*, 268 Ga. 135, 137 (4) (485 SE2d 783) (1997). What is more, Smith fails to make any showing that the prosecutor's statements were made in bad faith, and the jury was properly charged that opening statements and closing arguments by the attorneys were not

---

[1] Smith complains, inter alia, that trial counsel and one other attorney were handling all the felony cases for Coweta County; that trial counsel was on leave for part of the time between being appointed and trying his case; that counsel spent "very little time" with him prior to trial; that counsel failed to keep him informed; that counsel failed to give him copies of discovery and did not review video statements of witnesses with him; and that counsel engaged in incomplete discovery prior to trial. However, the transcript of the hearing on Smith's amended motion for new trial discloses that trial counsel met with Smith in jail prior to trial probably more than ten times; that counsel reviewed the discovery packet provided by the State; that counsel reviewed both the witnesses' videotaped and written statements and discussed their content with Smith; that counsel successfully applied for funds to hire an investigator for Smith's case, and along with the investigator, contacted the witnesses in the case.

Smith further complains that counsel did not request expert assistance to review the autopsy report with regard to the contained statement of a "contact wound" or request a continuance; that counsel did not present any evidence that the shooting was an accident; that counsel failed to ask for a continuance or protest to the court that the prosecution called witness King even though the prosecutor had informed counsel that King would not be called; and that counsel failed to impeach Investigator Yarbrough when he overstated his training and expertise. The transcript of the amended motion for new trial hearing reveals that it was conceded that Smith shot the victim and that the defenses were that the shooting was an accident or involuntary manslaughter. As to witness King, trial counsel recalled successfully objecting to certain of his testimony, and as to any attempted impeachment of Yarbrough regarding his qualifications, there was no showing that Yarbrough was not an expert in regard to the subject matter to which he testified at trial.

evidence. *Peterson v. State*, 282 Ga. 286, 291 (647 SE2d 592) (2007), citing *Hartry v. State*, 270 Ga. 596, 599 (2) (512 SE2d 251) (1999).

3. Smith maintains that he was denied effective assistance of counsel because his trial attorney stipulated to the admission of the victim's autopsy report which stated the cause of death as homicide. He argues that the average juror believes that homicide is an intentional killing of another, and that, in essence, stipulating that the shooting was a homicide was inconsistent with the defense's theory that the shooting was unintentional. But, the argument is unavailing. Smith's premise regarding the belief of the average juror is merely conjecture. Moreover, not every homicide is a criminal event. Indeed, a homicide may be committed by accident. OCGA § 16-2-2; *Wilson v. State*, 279 Ga. 104, 105 (2) (610 SE2d 66) (2005). And the jury was charged extensively on the crimes of malice murder and felony murder.

4. Smith also asserts that he was denied effective assistance of counsel because his trial counsel failed to request a jury charge on reckless conduct. He urges that testimony that he and the victim were laughing and playing with the pistol supported a reckless conduct charge which could have been the underlying misdemeanor for involuntary manslaughter. Smith did receive a jury charge on involuntary manslaughter based upon the misdemeanor offense of pointing a pistol at another. *Smith v. State*, supra at 492-493 (3). But, regardless of any testimony that Smith and the victim were merely being playful with each other at the time of the shooting, the evidence was that Smith intentionally put the loaded pistol to the victim's chest; thus, a charge on reckless conduct was not authorized. *Bates v. State*, 277 Ga. 771 (596 SE2d 145) (2004).

5. Smith next contends that he was denied effective assistance of counsel because during the *Jackson-Denno*[2] hearing his trial counsel failed to adequately raise the issue of his level of intoxication, leading to the trial court's finding that Smith was not under the influence of alcohol at the time he made his statement to police, and ultimately to admission of the statement. But, a review of the transcript of the *Jackson-Denno* hearing reveals that Smith's trial counsel did elicit evidence that Smith had consumed a substantial quantity of alcohol at the time he made his statement to police, but that there was other evidence to support the trial court's finding regarding Smith's level of intoxication.[3] What is more, at trial the jury was able to view the

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] Smith's trial counsel questioned Investigator Yarbrough, who took Smith's statement, as to whether at the time of the statement, he had a discussion with Smith about whether Smith had been drinking alcohol. Yarbrough testified that there had been such a discussion and that Smith responded that he had consumed several beers, but that Smith did not appear to be under

videotape of Smith's statement, and thus, determine for itself the effect, if any, of Smith's alcohol consumption.

6. Smith contends that he was denied effective assistance of counsel because his trial counsel did not adequately advise and inform him about testifying at trial. But, the record supports a contrary finding. At the amended motion for new trial hearing, trial counsel testified that prior to trial she spoke with Smith specifically about his right to testify, explained to him the "pros and cons" of his testifying at trial, and that the ultimate decision of whether to testify was his to make. The trial transcript confirms this. It reveals that upon questioning by the trial court, Smith stated that he had discussed with his counsel his rights to present evidence and to testify, and that it would be his decision whether to present any evidence or to relinquish his opportunity to testify; Smith stated that he was satisfied, and that it was his decision not to testify on his own behalf. No deficiency by counsel is shown. *Sweet v. State*, supra at 321-322.

7. Lastly, Smith fails in his contention that he was denied effective assistance of counsel because trial counsel failed to present evidence that the shooting was accidental. He specifically complains that trial counsel did not question the officer who took the initial statements from certain of the State's witnesses about what he contends was the accidental nature of the shooting and the officer's conclusions in that regard; that counsel failed to impeach such witnesses at trial with their prior statements indicating that the shooting was an accident; and that counsel did not question Investigator Yarbrough regarding an eyewitness who believed the shooting was accidental but was not called to the stand.

But, trial counsel did present evidence attempting to show that the shooting was an accident. Counsel elicited testimony from Investigator Yarbrough that the statements of two of the eyewitnesses indicated their beliefs that Smith's shooting the victim was accidental and not on purpose. She also elicited testimony on the stand from some of the eyewitnesses about the friendly nature of the relationship between Smith and the victim and that they were not arguing or at odds at the time of the shooting. As to the decision not to put the witnesses' prior statements before the jury in an attempt at impeachment, trial counsel testified at the hearing on the amended motion for new trial that she had reservations about some of the statements, that any expressed beliefs about whether the shooting was intentional or accidental "crossed the line" into the ultimate issue to be

---

the influence of alcohol. The investigator's testimony alone would support the trial court's determination regarding Smith's level of intoxication, and therefore, preclude the finding that such determination was clearly erroneous. *Moody v. State*, 277 Ga. 676, 679 (3) (594 SE2d 350) (2004).

decided by the jury, and that her decision not to explore the statements was a matter of trial strategy. Generally, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. *Jackson v. State*, 281 Ga. 705, 708 (6) (642 SE2d 656) (2007); *Sweet v. State*, supra at 324 (4). And the mere fact that present counsel would have pursued a different strategy does not render trial counsel's strategy unreasonable. *Stokes v. State*, 281 Ga. 825, 833 (7) (b) (642 SE2d 82) (2007). Moreover, given the fact that any attempt to discredit the eyewitnesses via their prior statements might negatively impact the portions of their testimony arguably casting the shooting as something other than a hostile act on the part of Smith, trial counsel's strategy in this regard cannot be found to be unreasonable. Id.

There was no error in the trial court's denial of Smith's amended motion for new trial on the ground of ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Kevin W. Drummond,* for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Andrea A. Newton, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.