## S10A0878. LAMBERT v. THE STATE.
### (700 SE2d 354)

HINES, Justice.

Mark Allen Lambert appeals his conviction for malice murder in connection with the fatal bludgeoning of his roommate, Billy Ray Smith. His sole challenge is that his trial counsel was ineffective because counsel pursued an invalid defense of coercion. For the reasons that follow, we affirm the malice murder conviction and the judgment entered on Lambert's motion for new trial and renewed motion for new trial.[1]

The evidence construed in favor of the verdicts showed the following. Smith was found beaten to death in his bed on September 9, 2001. He had been struck in the head between ten and twenty times with a blunt object. There was no sign of forced entry into the residence. The prior evening, Lambert's ex-girlfriend had been at the home, and Lambert witnessed her kissing Smith. While Smith was asleep, Lambert approached two friends in a bar and asked them if they were interested in going to the home he shared with Smith, and robbing Smith and cutting his throat. They refused. Lambert then visited another man, Kip Cochran, and persuaded Cochran to go with him to the home.

When the two men arrived at the home, Lambert picked up a pipe from the front porch and both went inside. Cochran was in the kitchen when he heard Lambert in the bedroom cursing and "saying something about messing with his girl." Cochran entered the bedroom, and when he saw Lambert hit Smith across the head with the pipe Cochran ran outside. Lambert emerged, covered in blood, and

---

[1] The murder occurred on September 9, 2001. On December 7, 2001, a Floyd County grand jury indicted Lambert for malice murder, felony murder, aggravated assault, and armed robbery. Lambert was tried before a jury March 3-6, 2003, and was found guilty of all the charged crimes except the armed robbery; he was sentenced to life in prison for malice murder and a consecutive 20 years, with 10 of those to serve in prison, for aggravated assault. The felony murder conviction stood vacated by operation of law. A motion for new trial was filed on March 27, 2003, and was denied on June 30, 2003. New counsel for appeal was appointed on July 9, 2003. New counsel filed a notice of appeal and for the first time raised the issue of ineffectiveness of trial counsel. On November 10, 2003, this Court remanded the case to the trial court for a hearing and determination of the claim of ineffective assistance of trial counsel. On September 2, 2009, the trial court denied "the motion for new trial and renewed motion for new trial," with the exception that it granted the motion to the extent that it found that the aggravated assault merged with the malice murder for the purpose of sentencing and rescinded the sentence previously imposed for the aggravated assault. A notice of appeal was filed on September 29, 2009. The case was docketed in this Court in the April term, 2010, and the appeal was submitted for decision.

asked to wear Cochran's shirt. Lambert threw the blood-covered pipe into the woods. Lambert attempted to burn his bloodied t-shirt and threw the remnants onto the railroad tracks. Cochran gave Lambert his shirt to wear.

The police recovered the steel pipe used to bludgeon Smith as well as Smith's driver's license and Lambert's partially burned t-shirt; DNA taken from the blood stains on the pipe and t-shirt matched that of Smith.

In a statement to police, Lambert initially denied involvement in the crimes and claimed that Cochran did the killing following a dispute with Smith over a marijuana purchase. Subsequently, he changed his story, telling the police that "[Cochran] made me do it," that "[Cochran] made me hit [Smith]." He elaborated that "[Cochran] did have a gun," that "I hit him a few times and then [Cochran] told me, he said you need to keep going," and that "[Cochran] told me to finish." Lambert stated, "I was forced to do it" . . . "with the gun." He explained, "[Cochran] — he just — basically he just told me that if I didn't kill [Smith] that he was gonna kill me."

Cochran pleaded guilty to voluntary manslaughter in connection with Smith's murder and testified for the State at Lambert's trial.

1. The evidence was sufficient to enable a rational trier of fact to find Lambert guilty beyond a reasonable doubt of the malice murder of Smith. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lambert contends that his conviction should be overturned and that he should be granted a new trial because his trial counsel used the legally invalid defense theory of coercion and this amounted to ineffective assistance of counsel. However, in order to prevail on his ineffectiveness claim, Lambert has to show that his attorney's performance was deficient and that the deficiency so prejudiced him that there is a reasonable likelihood that, but for the attorney's errors, the outcome of his trial would have been different; in so doing, he has to overcome the strong presumption that his attorney's conduct fell within the broad range of reasonable professional conduct. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. State*, 282 Ga. 388 (651 SE2d 28) (2007).

At the hearing on the renewed motion for new trial, trial counsel testified that: she had handled hundreds of criminal cases including five murders; she was appointed at least a year prior to trial and met with Lambert several times; she worked on plea negotiations but Lambert refused any plea recommendation; the initial defense theory was "you can't kill a dead man," i.e., the victim was already dead before Lambert participated in the incident; in order to support that theory, she sought and obtained funds to hire a forensic

pathologist and made copies of over 100 crime scene photographs; she had to abandon the theory as it was not viable because the pathologist concluded that the victim was alive when he received multiple blows from multiple weapons, meaning that there had to have been two people involved, and thus, the victim was alive at the time of Lambert's participation; the pathologist told trial counsel, "you do not want me to testify"; Lambert's story all along was that he had been coerced into participating in the murder because he had been threatened with his life, specifically that Cochran had held a gun to his body and threatened to kill him if he did not hit Smith; she consulted Lambert in electing to let the jury hear his story of coercion; counsel felt there "were several holes in the case which would have led to reasonable doubt" and that the trial strategy was to exploit those weaknesses in the State's case; Lambert's ultimate statements to the police were consistent in his contention that he was coerced into beating Smith; and counsel's decision not to object to the admission of those statements allowed Lambert to get his version of events before the jury without subjecting him to cross-examination.

It is true that coercion is not a legal defense to murder. OCGA § 16-3-26;[2] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003). But, whether trial counsel's actions are reasonable may be determined or substantially influenced by a defendant's own statements. *Hall v. Lee*, 286 Ga. 79, 86 (3) (684 SE2d 868) (2009), citing *Strickland v. Washington*, supra, 466 U. S. at 691. As the trial court noted in denying Lambert a new trial, defense counsel was constrained by Lambert's admissions to police that he had committed the fatal beating, and Lambert has failed to offer, much less demonstrate, any legal basis upon which trial counsel could have successfully argued that such statements were inadmissible at trial. Indeed, the existence and admissibility of those inculpatory statements also figured heavily in counsel's obvious appraisal that Lambert should not take the stand.

Lambert urges that counsel's failure to present any defense other than coercion undermined the adversarial process. But, he fails to even suggest any defense theory that trial counsel should or could have advanced. As previously discussed, trial counsel initially pursued the defense strategy that the victim was already dead by the time Lambert participated in the beating, but she was ultimately

---

[2] OCGA § 16-3-26 provides:

A person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury.

thwarted in this effort by the defense expert's evaluation of the forensic evidence. And, as also noted by the trial court, defense counsel strategically attempted to highlight and exploit any possible weaknesses in the State's case, including perceived inconsistencies in Cochran's statements.

In any event, even if trial counsel is deemed deficient, by lack of objection and/or affirmative action, for permitting Lambert's coercion story to be presented to the jury, Lambert still cannot prevail because he must satisfy both prongs of the *Strickland* test for constitutional ineffective assistance of counsel claims. *Bridges v. State*, 286 Ga. 535, 539 (3) (690 SE2d 136) (2010). And, this he cannot do because he cannot demonstrate the required prejudice. The evidence of Lambert's guilt was overwhelming, and there is no reasonable probability that the outcome of his trial would have been more favorable had counsel attempted to prevent the jury from hearing Lambert's version of events. Id.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Jared M. Campbell*, for appellant.

*Leigh E. Patterson, District Attorney, Kay Wetherington, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.