FINAL COPY
294 Ga. 453

S13A1690 . MOORE v. THE STATE.

MELTON, Justice.

Following a jury trial, Michael Moore was found guilty of malice murder, felony murder, attempt to commit a violation of the Georgia Controlled Substances Act, and various other offenses in connection with the shooting death of Leo Fletcher during a drug deal.[1] On appeal, Moore contends only that his trial counsel was ineffective. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the record

---

[1] On March 25, 2009, Moore was indicted for malice murder, two counts of felony murder (aggravated assault and attempt to commit a violation of the Georgia Controlled Substances Act), aggravated assault, criminal attempt to commit a violation of the Georgia Controlled Substances Act, and two counts of possession of a firearm during the commission of a felony. Following a May 9-12, 2011 jury trial, Moore was found guilty on all counts. On May 13, 2011, the trial court sentenced Moore to life imprisonment for murder and five years consecutive for possession of a firearm during the commission of a felony. The felony murder convictions were vacated by operation of law (see Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993)), and the remaining charges were merged for sentencing purposes. Moore filed a motion for a new trial on May 31, 2011, which he amended with new appellate counsel on June 2, 2011. The motion  was denied on February 4, 2013. Following the payment of costs, Moore's timely appeal was docketed in this Court for the September 2013 term, and submitted for decision on the briefs.

reveals that, on the evening of December 11, 2008, Moore went with two compatriots to a Jenny Mart parking lot for the purpose of purchasing some high-grade marijuana from Fletcher and Dion Harris. While Harris was inside the Jenny Mart, Moore exited his SUV and got into the driver's seat of the silver sedan in which Fletcher and Harris had arrived and where Fletcher was waiting with the marijuana. After receiving the marijuana from Fletcher, Moore returned to his SUV, where Moore's compatriots confirmed that the marijuana was of the quality that they expected. At that time, Harris exited the Jenny Mart and returned to his sedan. Moore then walked back toward the passenger side of the sedan. He stood at the window of the sedan, pulled out a .38 caliber pistol, and began firing into the vehicle. Fletcher was shot three times before he crawled into the back seat of the sedan and died. Harris was shot in the chest, but he managed to reach into the sedan, retrieve a 9mm handgun, and return fire at Moore. Moore fled the scene. Harris survived the encounter and testified against Moore at trial. Further, the shootout was captured on video surveillance by a security camera at the Jenny Mart. Finally, Moore admitted to police that he was at the location of the shooting to buy marijuana, that he had a .38 caliber pistol, and that he fired shots at the individuals in the sedan at the Jenny Mart

2

in order to defend himself after they began firing at him.

The evidence was sufficient to enable a rational trier of fact to find Moore guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Moore contends that his trial counsel was ineffective for having presented a self-defense theory at trial without consulting him. Specifically, Moore contends that presenting a self-defense theory in this case after admitting that a drug transaction was involved, rather than presenting a defense showing that Moore had no involvement whatsoever in the shooting, amounted to ineffective assistance because self-defense is inapplicable where a defendant actively participates in a felony drug deal. See Smith v. State, 290 Ga. 768, 771 (2) (723 SE2d 915) (2012) (trial court properly instructed jury on OCGA § 16-3-21 (b) (2), which prohibits a justification defense in situations where the accused "[i]s attempting to commit[ or is] committing . . . a felony," where the defendant had "affirmatively chose[n] to engage in the potentially dangerous and violent criminal business of a felony drug deal before the fatal confrontation with [the victim] took place"). We disagree.

In order to succeed on his claim of ineffective assistance, [Moore]

must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

Here, trial counsel testified at the motion for new trial hearing that he discussed self-defense with Moore and that he was aware of the challenges associated with a self-defense theory in light of the nature of the evidence against Moore showing that he was involved in a drug deal. Therefore, in an attempt to make the self-defense theory more viable, trial counsel argued that, although Moore was initially going to be involved in a drug deal, he had "abandoned" that criminal enterprise by deciding not to purchase any marijuana before the shooting began. See OCGA § 16-4-5 (a) ("When a person's conduct would otherwise constitute an attempt to commit a crime . . . it is an affirmative defense that he abandoned his effort to commit the crime or in any other manner

4

prevented its commission under circumstances manifesting a voluntary and complete renunciation of his criminal purpose"). We cannot say that it was unreasonable for defense counsel to pursue this strategy. Indeed, by arguing that Moore was not guilty of attempting to violate the Georgia Controlled Substances Act because he had abandoned the drug deal at the time of the shooting, trial counsel was attacking the notion that Moore was "attempting to commit[ or] . . . committing . . . a felony" at the time that shots were fired. OCGA § 16-3-21 (b) (2). This, at the very least, gave Moore a reasonable argument in favor of self-defense. In this regard, trial counsel's strategy was reasonable in light of the limited defense options that were available to trial counsel and the evidence against Moore, which included video of the shootout and Moore's own statement to police showing his involvement in the drug deal and the shooting. See, e.g., Lambert v. State, 287 Ga. 774, 776 (2) (700 SE2d 354) (2010) (Despite presenting legally invalid coercion defense to murder charge, trial counsel was not ineffective where she "was constrained by [the defendant's] admissions to police that he had committed the fatal beating."). Moore's ineffective assistance claim fails. See id. at 776-777 (2).

Judgment affirmed. All the Justices concur.

5

Decided January 27, 2014.

Murder. Gwinnett Superior Court. Before Judge Hamil.

Marc A. Pilgrim, for appellant.

Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General, for appellee.