295 Ga. 81
FINAL COPY

S14A0009.  WEST v. THE STATE.

THOMPSON, Chief Justice.

Appellant Stephen Clark West was convicted of malice murder in connection with the death of Kaylee Kipp and cruelty to children in the first degree for causing Kaylee's older sisters, S. K. and A. K., severe physical and mental pain.[1]  He appeals, asserting, inter alia, the State violated his right to remain silent.  Finding no error, we affirm.

1.  Viewing the evidence in a light favorable to the jury's determination that appellant is guilty, we find the following:  On June 12, 2011, at 12:37 p.m., emergency personnel were dispatched to appellant's apartment after receiving

---

[1] The crimes occurred on June 11, 2011.  Via indictment, appellant was charged with malice murder, four counts of felony murder, aggravated assault, three counts of cruelty to children in the first degree and one count of cruelty to children in the second degree.  Trial commenced on July 30, 2012.  The jury returned its verdict on August 7, 2012, finding appellant guilty of all charges.  The trial court sentenced appellant to life without the possibility of parole for malice murder and twenty years consecutive for cruelty to children in the first degree.  The remaining counts were merged or vacated.  See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant filed a motion for new trial on August 10, 2012.  The motion was amended on January 10, 2013, and denied on June 24, 2013.  Appellant filed a notice of appeal on July 1, 2013.  The case was docketed in this Court in the January 2014 term and submitted for decision on the briefs.

a call that a two-year-old child was not breathing. The emergency team arrived at the apartment within four minutes. A paramedic found Kaylee's cold, stiff, and discolored body. The paramedic believed that Kaylee had been dead for an extended period of time.

Appellant lived in the apartment with his girlfriend, Deanna Renee Kipp,[2] and her three daughters, S. K., A. K. and Kaylee. He was at home from 9:30 p.m. on the night of June 11, 2011, until 11:30 a.m. on June 12, but he was at work when the emergency responders arrived. The night before Kaylee's body was discovered, appellant spanked S. K. and A. K. with a belt. S. K. heard Kaylee being spanked and crying downstairs.

The next day, S. K. found Kaylee lying face down in a portable crib. She told her mother Kaylee would not wake up and felt cold. An autopsy revealed numerous injuries to Kaylee's face and head consistent with blunt force trauma. According to the medical examiner, Kaylee was struck at least six times, likely with an adult fist. She died as a result of swelling to her brain from blunt force

---

[2] Deanna Renee Kipp was convicted of the felony murder of Kaylee, the abuse of S. K. and A. K., concealing the death of another, and making false statements. Her convictions were affirmed on appeal; however, the sentences on several counts were vacated as a matter of law and the case was remanded for resentencing. Kipp v. State, 294 Ga. 55 (751 SE2d 83) (2013).

trauma. The medical examiner observed skin lesions at Kaylee's diaper line which were most likely caused by postmortem insect activity.

S. K. and A. K. also sustained a number of gruesome injuries, including cigarette burns, bilateral periorbital bruises, and pattern injury bruises. These injuries were consistent with severe abuse. Appellant whipped and beat the girls with a belt, pinched them, and pulled them by their hair. He also shoved S. K.'s face into a pillow and held it there to make her stop crying.

Kaylee's blood and saliva were detected on a pair of denim shorts found in appellant's bedroom. The size of the shorts was consistent with the size of appellant — not Deanna Kipp — and indicated that appellant held Kaylee's face down in his lap as he hit her.

Police interviewed appellant twice after discovering Kaylee's body. The first interview lasted a little more than one hour; the second interview lasted approximately three hours. Appellant was advised of his Miranda rights at the start of the second interview. At no point did appellant invoke his right to remain silent.

Police noted a number of inconsistencies in appellant's statements. Appellant told police he had trouble remembering specific details because he

3

was "probably a little drunk." Given an opportunity to write an apology, appellant claimed he "blacked out" and did not remember touching Kaylee, but was "so sorry" if he did.

The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and cruelty to children. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See also McClellan v. State, 274 Ga. 819, 819-820 (1) (a) (561 SE2d 82) (2002); Loren v. State, 268 Ga. 792, 794 (1) (493 SE2d 175) (1997).

2. On direct examination, the State asked Dr. Smith, a forensic pathologist who performed the autopsy on Kaylee, a number of questions about Kaylee's injuries. In his response, the pathologist testified as follows:

> Bruises do occur accidentally in children; children fall over, children bump their head, that sort of thing. I have to be very cautious when I'm looking at these injuries and interpreting them that I get as much information as I can about these injuries so that I'm not overcalling or undercalling something. Now I would expect as part of the holistic sort of approach to this death investigation, that if the child occurred — this injury occurred on the child as part of its normal rough and tumble play, there would be some explanation from the caretakers as to when it occurred, how it occurred, that sort of thing.

Appellant claims the admission of this testimony was error because it

4

impugned his right to remain silent. However, this issue was not properly preserved for review because appellant did not object below. Tollette v. State, 280 Ga. 100, 103 (6) (621 SE2d 742) (2005).

Appellant also asserts trial counsel was ineffective for failing to object to the pathologist's testimony. We disagree.

> [A]ssuming arguendo that an objection to the offending argument would have had merit, [appellant] has not shown a reasonable probability that the outcome of the trial would have been different had counsel made the objection. See Lambert v. State, 287 Ga. 774, 777 (2) (700 SE2d 354) (2010) (where evidence of guilt is overwhelming, a defendant cannot demonstrate the required prejudice under Strickland).

Sanders v. State, 290 Ga. 637, 641 (5) (723 SE2d 436) (2012). Evidence of appellant's systematic abuse of S. K. and A. K., the inconsistencies in appellant's statements, his inability to remember what happened to Kaylee, and the presence of Kaylee's blood and saliva on appellant's denim shorts, lead us

5

to conclude that appellant cannot carry the burden of proof on the prejudice prong of his ineffective assistance of counsel claim.

Judgment affirmed. All the Justices concur.


Decided April 22, 2014.

Murder. Hall Superior Court. Before Judge Fuller.

Steven A. Miller, for appellant.

Lee Darragh, District Attorney, Kelley M. Robertson, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.