298 Ga. 320
FINAL COPY


S15A1393. WELCH v. THE STATE.


THOMPSON, Chief Justice.

Appellant Kevin Welch was convicted of malice murder in connection with the shooting death of Alex Howard.[1] He appeals, asserting, inter alia, the trial court erred in refusing to strike two jurors for cause. Although we find the enumerated errors to be without merit, we find error with regard to the sentence. Accordingly, we must vacate and remand to the trial court for resentencing.

1. Viewed in a light most favorable to the verdict, the evidence at trial showed the following:

In the early morning hours on February 2, 2009, appellant, accompanied

---

[1] The crimes occurred on February 2, 2009. On November 17, 2009, appellant was indicted by a Fulton County grand jury for malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On January 27, 2012, a jury found appellant guilty on all counts. On January 31, the trial court sentenced appellant to life in prison on the malice murder verdict and to five consecutive years in prison on the verdict of possession of a firearm during the commission of a felony. The felony murder verdicts were vacated as a matter of law, and the trial court merged the verdicts on aggravated assault and possession of a firearm by a convicted felon into the malice murder verdict. Appellant filed a timely motion for new trial, which he amended for the final time on May 31, 2013. On June 21, 2013, the trial court denied the motion for new trial, as amended. Appellant filed a timely notice of appeal to the Court of Appeals which transferred the case to this Court on March 27, 2015. The case was docketed in this Court for the September 2015 term and submitted for decision on the briefs.

by two women, went to a known drug house. Shortly thereafter, Jecedric Bell and Alex Howard arrived, and Howard sold cocaine to the women. Appellant became extremely angry with Howard, apparently because he did not believe Howard should have been selling drugs in someone else's drug house. Appellant repeatedly yelled at Howard to "get the f . . . out" of the house. Howard, who was unarmed, left the house and began walking toward his car; appellant followed him with a gun in each hand. Appellant fired two gunshots, one of which struck Howard in the head. Appellant ran back inside the drug house — where he was heard to say he "didn't mean to do it" — and fled in his car. The victim never regained consciousness and died after a four-month hospital stay. Police ultimately located and arrested appellant several months later. He told police he walked out of the house with Howard, fired a warning shot in the air, and fired a second shot which struck Howard accidentally.

The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See also Hill v. State, 284 Ga. 521 (1) (668 SE2d 673) (2008) (evidence sufficient to find defendant guilty of malice murder; it is for the jury, not this

Court, to resolve conflicts in the evidence and assess the credibility of witnesses). It follows that the trial court correctly refused to grant appellant's motion for new trial or other relief based on his challenge to the sufficiency of the evidence. See Combs v. State, 268 Ga. 398, 400 (500 SE2d 328) (1997).

2. Appellant asserts the trial court erred in denying appellant's motion to strike jurors 24 and 30 for cause because they both responded negatively when asked whether their minds were "perfectly impartial between the state and the accused." See OCGA § 15-12-164 (a) (3). However, although both jurors *initially* indicated they were unable to be fair and impartial as a result of their experiences and beliefs,[2] upon further questioning they both concluded they could set aside any preconceived notions and base their verdict on the law and evidence. Viewing the totality of the jurors' statements, it cannot be said the trial court abused its broad discretion in refusing to excuse the jurors for cause. See Wingster v. State, 295 Ga. 725 (2) (763 SE2d 680) (2014) (holding that a trial court does not abuse its discretion when it refuses to strike a juror for cause unless the juror's opinion is so fixed and definite that the juror will be unable

---

[2] Juror 24 explained she would favor the prosecution because both an uncle and a friend were killed when she was young. Juror 30 said "they don't just pick up anybody. I'd have to look at the evidence, but chances are whatever that person might have been picked up for [he] would have been guilty."

3

to set the opinion aside and decide the case based upon the evidence and the trial court's instructions).

3. Appellant contends the trial court erred in permitting Jecedric Bell to testify by reading from prior statements he made to police instead of relying on his memory. This contention finds no support in the record. Bell was not permitted to read from his prior statements aloud. He read the prior statements to himself, claimed he had no recollection of having made the statements, and subsequently testified from memory as to what he witnessed on the night in question. There was no error. See Williams v. State, 257 Ga. 788, 789 (6) (364 SE2d 569) (1988) (it is not error to permit witness to read document to refresh his memory as long as he testifies from his memory).

4. Appellant asserts the trial court erred in permitting Detective Kevin Otts to testify — over appellant's hearsay objection — that he met with Dale Robinson several months after Robinson gave a statement to police and that Robinson told him "he wasn't fully honest in his first statement and that he wished to be more truthful and tell me what really happened that day, that he held back on information he actually had regarding the shooting of Mr. Howard." We find no error. Even if Robinson's out-of-court statement was

4

hearsay, see former OCGA § 24-3-1 (a),[3] it was admissible as a prior inconsistent statement because Robinson testified he did not remember meeting with Otts and he did not tell Otts his previous statement was incomplete. See Rivers v. State, 296 Ga. 396 (9) (768 SE2d 486) (2015); former OCGA § 24-9-83.[4]

5. Finally, appellant asserts trial counsel rendered constitutionally deficient performance because she failed to use a peremptory strike on juror 30 (see Division 2, supra) and to challenge the admissibility of the statement he made to police. We disagree.

In order to prevail on an ineffective assistance of counsel claim under Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), appellant "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been

---

[3] The former Code section was applicable to this case. As to trials commenced on or after January 1, 2013, see OCGA § 24-8-801 (d) (1) (A) of the new Evidence Code which provides:

> An out-of-court statement shall not be hearsay if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior inconsistent statement or a prior consistent statement under Code Section 24-6-613 or is otherwise admissible under this chapter.

[4] See OCGA § 24-6-613 of the new Evidence Code.

different if not for the deficient performance." White v. State, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008). As to the first prong of the Strickland test, trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra at 690; Sutton v. State, 295 Ga. 350, 354 (759 SE2d 846) (2014). Thus, it is incumbent upon appellant to make an affirmative showing that trial counsel's purported deficiencies did not stem from a reasonable trial strategy. See Smith v. State, 282 Ga. 388, 391-392 (651 SE2d 28) (2007).

At the motion for new trial hearing, appellant's trial counsel testified that, although she moved to strike juror 30 for cause, she did not use a peremptory strike on that juror because she had "simply run out of [peremptory] strikes by the time" juror 30 was reached. Although trial counsel declined to characterize that decision as trial strategy, it is obvious that it was. See Shields v. State, 307 Ga. App. 830, 831-832 (706 SE2d 187) (2011) (it is the conduct of the attorney, not her thinking, that is assessed for reasonableness). If counsel had not used her peremptory strikes on other potential jurors she would have had a remaining strike to use on juror 30. And appellant does not contend trial counsel used her peremptory strikes unreasonably apart from the fact that she did not save a strike

6

to use on juror 30. See id. at 832 (use of peremptory strikes is "a quintessential strategic decision").

As for appellant's statement to police, trial counsel averred she made a strategic decision to refrain from moving to have it excluded because it enabled her to present appellant's version of the shooting without calling him as a witness and risking his impeachment by several prior felony convictions. See former OCGA § 24-9-84.1 (a) (2) (the credibility of a defendant who testifies may be attacked by evidence he was convicted of a crime punishable by death or imprisonment for more than one year and such evidence shall be admitted if the trial court determines that the probative value of the evidence substantially outweighs its prejudice).[5] The mere fact that present counsel might have pursued another strategy does not render trial counsel's strategy unreasonable. Nix v. State, 280 Ga. 141, 143 (625 SE2d 746) (2006).

6. As we noted in footnote 1, the trial court purported to merge the

---

[5] See OCGA § 24-6-609 of the new Evidence Code. As to trial counsel's strategy, we note that the prosecution served appellant with notice of its intent to use appellant's prior convictions for purposes of impeachment if appellant were to testify at trial. Although the prosecution did introduce evidence of one prior felony conviction to support the charge of possession of a firearm by a convicted felon, the trial court instructed the jury that that evidence was to be considered only insofar as it pertained to proving the required prior felony element of the firearm possession count.

possession of a firearm by a convicted felon count into the malice murder count. This was erroneous. See Hulett v. State, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014) (appellate court can address merger error sua sponte even if the error is favorable to the defendant). "The test for determining whether one crime is included in another, and therefore merges as a matter of fact, is the 'required evidence' test — whether conviction for one of the offenses is established by proof of the same or less than all the facts required to establish the other crime." Grissom v. State, 296 Ga. 406, 410 (1) (768 SE2d 494) (2015). Employing that test, the possession of a firearm by a convicted felon count should not have been merged with the malice murder count. See Hulett v. State, supra at 55 (holding that "'[p]ossession of a firearm by a convicted felon does not merge into a conviction for malice murder'" (citation omitted)). Accordingly, we remand the case for resentencing on the possession of a firearm by a convicted felon count.

Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.

Decided January 19, 2016.

Murder. Fulton Superior Court. Before Judge Adams.

8

Kenneth W. Sheppard, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Sheila E. Gallow, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew Min-soo Youn, Assistant Attorney General, for appellee.